IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**PEDRO NUNEZ and ADRIAN PENA,**                                           **PLAINTIFFS**
**Each Individually and on Behalf**
**of All Others Similarly Situated**

vs.                              No. 1:22-cv-1897

**NEXUS SERVICES, INC.**                                                   **DEFENDANT**

<u>**ORIGINAL COMPLAINT—COLLECTIVE ACTION**</u>

Plaintiffs Pedro Nunez and Adrian Pena (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorneys Colby Qualls and Josh Sanford of Sanford Law Firm, PLLC, for their Original Complaint—Collective Action ("Complaint") against Defendant Nexus Services, Inc. ("Defendant"), state and allege as follows:

**I.      PRELIMINARY STATEMENTS**

1.      This is a collective action brought by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and overtime provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL").

2.      Plaintiffs seek declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendant's policy and practice of failing to pay Plaintiffs and others similarly situated sufficient overtime wages under the FLSA and the IMWL within the applicable statutory limitations period.

3.      Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II.      JURISDICTION AND VENUE

4.      The United States District Court for the Northern District of Illinois has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.      This Complaint also alleges IMWL violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's IMWL claims pursuant to 28 U.S.C. § 1367(a).

6.      Defendant conducts business within the State of Illinois.

7.      Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Illinois has personal jurisdiction over Defendant, and Defendant therefore "resides" in Illinois.

8.      Plaintiff Pedro Nunez performed work at Defendant's offices within the Eastern Division of the Northern District of Illinois. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.      THE PARTIES

10.      Plaintiff Pedro Nunez ("Nunez") is an individual and resident of Cook County.

11.      Plaintiff Adrian Pena ("Pena") is an individual and resident of Maricopa County, Arizona.

12.      Defendant is a Virginia, for-profit corporation.

13. Defendant's registered agent for service of process is Incorp Services, Inc., at 7288 Hanover Green Drive, Mechanicsville, Virginia 23111.

14. Defendant maintains a website at https://librebynexus.com/.

## IV. FACTUAL ALLEGATIONS

15. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully incorporated in this section.

16. Defendant's primary business is assisting individuals detained by immigration detention facilities with bond payments and bond hearings.

17. During the relevant time, Defendant had at least two employees who engaged in interstate commerce or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

18. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Original Complaint.

19. Defendant was, at all times relevant hereto, Plaintiffs' employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

20. Defendant employed Nunez from 2017 until September of 2021.

21. Defendant employed Pena from 2014 until October of 2019.

22. During their employments, Nunez and Pena worked for Defendant as Risk Compliance Managers ("RCM").

23. Defendant classified Plaintiffs as exempt from the overtime requirements of the FLSA and paid them a salary.

24. Defendant also employed other salaried RCMs within the three years preceding the filing of this lawsuit.

25. At all times material herein, Plaintiff and other RCMs have been entitled to the rights, protections, and benefits provided under the FLSA.

26. At all times material herein, Plaintiff has been classified by Defendant as exempt from the overtime requirements of the FLSA and was paid a salary.

27. Defendant also classified other RCMs as exempt from the overtime requirements of the FLSA and paid them a salary.

28. At all relevant times herein, Defendant directly hired Plaintiffs and other RCMs to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

29. As RCMs, Plaintiffs' primary duties were to track down individuals who had stopped making payments to Defendant or had stopped reporting to Defendant as required under the terms of their bond.

30. Other RCMs had the same or similar duties as Plaintiff.

31. Plaintiffs did not have the authority to hire or fire any other employee.

32. Other RCMs did not have the authority to hire or fire any other employee.

33. Plaintiffs were not asked to provide input as to which employees should be hired or fired.

34. Other RCMs were not asked to provide input as to which employees

should be hired or fired.

35.     Plaintiffs and other RCMs did not exercise independent judgment as to matters of significance in carrying out their duties.

36.     In carrying out their duties, Plaintiffs and other RCMs followed the policies and processes set by Defendant or others.

37.     Plaintiffs regularly worked more than 40 hours per week.

38.     Defendant regularly assigned Plaintiffs and other RCMs so much work that they could not complete their work in under 40 hours in a week.

39.     Upon information and belief, other RCMs also regularly or occasionally worked more than 40 hours per week during the relevant time period.

40.     Defendant did not pay Plaintiffs or other RCMs 1.5x their regular rate for hours worked over 40 each week.

41.     Plaintiffs worked over 40 hours—and therefore incurred damages—in almost every week that they worked for Defendant.

42.     Specifically, the week of January 13, 2020, Nunez worked hours over 40 but was not paid an overtime premium for any of those hours, and he therefore incurred damages in that week.

43.     Specifically, the week of September 23, 2019, Pena worked hours over 40 but was not paid an overtime premium for any of those hours, and he therefore incurred damages in that week.

44.     Defendant did not have a timekeeping system whereby Plaintiff or other RCMs could record and submit their time to Defendant.

45.     Plaintiffs and other RCMs were required to provide frequent updates

regarding their status in group chats such as GroupMe.

46. Defendant knew or should have known that Plaintiffs and other RCMs were working hours over forty each week.

47. At all relevant times herein, Defendant has deprived Plaintiff and other RCMs of regular wages and overtime compensation for all hours worked.

48. Defendant knew or showed reckless disregard for whether its actions violated the FLSA and the IMWL.

## V.    REPRESENTATIVE ACTION ALLEGATIONS

49. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully incorporated in this section.

50. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.    Overtime premiums for all hours worked over forty in any week;

B.    Liquidated damages; and

C.    Attorney's fees and costs.

51. Plaintiff proposes the following collective under the FLSA:

**All salaried Risk Compliance Managers in the past three years.**

52. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

53. The relevant time period dates back three years from the date on which

Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

54.     The members of the proposed FLSA collective are similarly situated in that they share these traits:

A.     They were paid a salary;

B.     They were classified as exempt from the overtime requirements of the FLSA;

C.     They had substantially similar job duties and requirements; and

D.     They were not paid an overtime premium for hours worked over forty each week.

55.     Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds 15 persons.

56.     Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

57.     The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

58.     The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.     FIRST CAUSE OF ACTION
### (Individual Claims for Violation of the FLSA)

59.     Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully incorporated in this section.

60.     Plaintiffs assert this claim for damages and declaratory relief pursuant to

the FLSA, 29 U.S.C. § 201, *et seq.*

61.     At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

62.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

63.     29 U.S.C. § 207 requires employers to pay employees overtime wages of 1.5x the regular rate of pay for all hours worked over 40 each week, unless the employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

64.     During the period relevant to this lawsuit, Defendant misclassified Plaintiffs as exempt from the overtime requirements of the FLSA.

65.     Despite the entitlement of Plaintiffs to overtime wages under the FLSA, Defendant failed to pay Plaintiffs overtime wages for all hours worked over forty each week.

66.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

67.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VII.     SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

68.     Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully set forth herein.

69.     Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

70.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

71.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

72.     Defendant misclassified Plaintiffs and other similarly situated employees as exempt from the overtime provisions of the FLSA.

73.     Defendant failed to pay Plaintiffs and similarly situated employees 1.5x their regular rate for all hours worked in excess of 40 per week, despite their entitlement thereto.

74.     Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

75.     Defendant knew or should have known that its actions violated the FLSA.

76.     Defendant's conduct and practices, as described above, were willful.

77.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

78.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

79.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII.     THIRD CLAIM FOR RELIEF
### (Nunez Claim for Violation of the IMWL)

80.     Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully set forth herein.

81.     Nunez asserts this claim for damages and declaratory relief pursuant to the IMWL, 820 ILCS 105/1, *et seq.*

82.     At all relevant times, Defendant was Nunez's "employer" within the meaning of the IMWL, 820 ILCS 105/3.

83.     IMWL, 820 ILCS 105/4a(1) requires employers to pay all employees 1.5x regular wages for all hours worked over 40 hours in a week, unless an employee meets the exemption requirements of 820 ILCS 104/4a(2).

84.     Defendant misclassified Nunez as exempt from the overtime requirements of the IMWL.

85.     Defendant failed to pay Nunez a sufficient overtime premium for all hours worked over forty each week.

86.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

87.     By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Nunez for monetary damages, liquidated damages, damages of 5% of the amount of underpayment for each month following the date of payment during which such underpayments remain unpaid, costs, and a reasonable attorney's fee provided by the IMWL for all violations which occurred within the three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling. 820 ILCS 105/12.

88.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Nunez as provided by the IMWL, Nunez is entitled to an award of prejudgment interest at the applicable legal rate.

## IX.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Pedro Nunez and Adrian Pena, each individually and on behalf of all others similarly situated, respectfully pray that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A.     Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the IMWL and their related regulations;

B.     Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.     Judgment for damages suffered by Plaintiffs and others similarly situated for all unpaid overtime wages under the FLSA, the IMWL and their related regulations;

D.      Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA, the IMWL and their related regulations;

E.      An order directing Defendant to pay Plaintiffs and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PEDRO NUNEZ and ADRIAN PENA, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Colby Qualls*
Colby Qualls
Ark. Bar No. 2019246
colby@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com